**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TREVOR BROWN, also known as Dalton Brown,

     Plaintiff,

  v.

DR. LESTER WRIGHT; DR. FREDERICK GRABO; and JOAN ROSADO, Deputy Superintendent of Health Care at Mohawk Correctional Facility,

     Defendants.

No. 05-CV-82
(FJS/DRH)

---

**APPEARANCES:**

TREVOR BROWN
Plaintiff Pro Se
3 Beaconfield Avenue
Patrick Garden, Kingston 20
Jamaica, West Indies

HON. ELIOT SPITZER
New York State Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**OF COUNSEL:**

ROGER W. KINSEY, ESQ.
Assistant Attorney General

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

 Plaintiff pro se Trevor Brown ("Brown") brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, three New York State Department of Correctional Services ("DOCS") employees, violated his constitutional rights under the Eighth Amendment. Am. Compl. (Docket No. 5). Presently pending is defendants' motion for sanctions, including

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

dismissal, pursuant to Fed. R. Civ. P. 37. Docket No. 21. Brown opposes the motion. Docket No. 23. For the following reasons, it is recommended that defendants' motion be denied.

## I. Background

Brown commenced this action while he was incarcerated by the United States Immigration and Customs Enforcement ("ICE"). Am. Compl. at ¶ 2. Brown claims that while in DOCS custody, his constitutional rights were violated. Id. at ¶ 44. After being in ICE custody for approximately ten months, he was deported to Jamaica on May 6, 2005. Defs. Mem. of Law (Docket No. 23) at 1. Brown was served with a Notice of Deposition on July 6, 2005 for a deposition on August 23, 2005 at the offices of the New York State Attorney General in Albany, New York. Id. On August 23, Brown failed to appear for the deposition. Id. this motion followed.

## II. Discussion

### A. Dismissal

Rule 37(b) specifies sanctions that may be imposed on a party when the party fails to appear for a deposition. Fed. R. Civ. P. 37(b); Salahuddin v. Harris, 782 F.2d 1127, 1130-31 (2d Cir. 1986). It provides a non-exclusive list of sanctions that may be imposed on a party when the party "'fails to obey an order to provide or permit discovery.'" Salahuddin, 782 F.2d at 1131 (quoting Fed. R. Civ. P. 37(b)(2)). The sanctions range in severity from an order to reimburse the opposing party for expenses caused by the failure to cooperate to

2

dismissal of the action.  Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp, 602 F.2d 1062, 1066 (2d Cir. 1979).

It is well settled law that "[d]ismissal under Fed. R. Civ. P. 37 is a drastic penalty which should be imposed only in extreme circumstances."  Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d 203, 208 (2d Cir. 1977); see also Huertas v. City of Philadelphia, No. Civ. 02-7955, 2005 WL 226149 (E.D. Pa. Jan. 26, 2005) (allowing Rule 37 dismissal only after plaintiff failed to appear five times for deposition and noting that pro se plaintiffs should be granted leeway in following the requirements of the Federal Rules of Civil Procedure).  Dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to "willfulness, bad faith, or any fault" of the deponent.  See Salahuddin, 782 F.2d at 1132 (quoting Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 212 (1958)).  Moreover, when a party makes a good faith effort to comply with discovery orders and is thwarted by circumstances beyond his or her control, an order dismissing the complaint would deprive the party of a property interest without due process of law.  See Cine Forty-Second St., 602 F.2d at 1066 (citing Societe Internationale, 375 U.S. at 212).  Furthermore, a single pretrial violation will not ordinarily result in the imposition of a sanction of such finality as dismissal, especially where a party is proceeding pro se.  See United States v. Aldeco, 917 F.2d 689, 690 (2d Cir. 1990).  In such cases, "[d]ismissal is appropriate only if alternative, less drastic sanctions are inappropriate, . . . and the court has warned the pro se litigant that this sanction might result from continued misconduct."  Mercado v. Div. of N.Y. State Police, 989 F. Supp. 521, 524 (S.D.N.Y. 1998) (citations omitted).

Here, the defendants have failed to prove that Brown's failure to appear for the

deposition was due to willfulness or bad faith. Moreover, Brown was not warned that this sanction might result from discovery misconduct. Furthermore, Brown claims that his failure to appear was beyond his control. Brown states that he attempted to comply by mailing a response, but due to the inadequate mail system in the West Indies, his response was delayed. Given the lenience that is to be afforded to pro se litigants, and the other factors set forth above, dismissal of the instant case is inappropriate at this time.

Therefore, defendants' motion on this ground should be denied.

### B. Attorney's Fees

Rule 37(d) states that "the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d). Here, an award of attorney's fees and costs would be unjust. Brown is proceeding pro se and in forma pauperis. Thus, an order for payment of attorney fees would create an unjust burden on Brown. See Williams v. Platt, No. Civ. 03-281, 2005 WL 1950267, at *2 (W.D. Okla. July 29, 2005) (holding that awarding attorney's fees because plaintiff failed to appear for deposition would be unjust when plaintiff was proceeding in forma pauperis).

Accordingly, defendants' motion for an award of attorney's fees should be denied.

### III. Conclusion

For the reasons stated above, it is hereby

4

**RECOMMENDED** that defendants' motion for sanctions (Docket No. 21) be **DENIED** in all respects; and

**IT IS ORDERED** that the pretrial scheduling order (Docket No. 20) is hereby amended as follows:

    1. The discovery deadline is extended to **February 15, 2007**; and

    2. The deadline for filing dispositive motions is extended to **March 15, 2007**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated: August 10, 2006
       Albany, New York

                                               _David R. Homer_
                                               United States Magistrate Judge