**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TREVOR BROWN, also known as Dalton**
**Brown,**

                                    **Plaintiff,**


                    **v.**                                    **9:05-CV-82**
                                                              **(FJS/DRH)**
**LESTER WRIGHT, Dr.; DR. FREDERICK**
**GRABO; and JOAN ROSADO, Deputy**
**Superintendent of Health Care at**
**Mohawk Correctional Facility,**

                                    **Defendants.**
_____

**APPEARANCES**                                    **OF COUNSEL**

**TREVOR BROWN**
Jamaica, West Indies
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**                         **ROGER W. KINSEY, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        Plaintiff commenced this action seeking $500,000 in compensatory damages pursuant to

42 U.S.C. § 1983 on the ground that Defendants were deliberately indifferent to his health in

violation of his Eighth Amendment right to be free from cruel and unusual punishment while he

was incarcerated at Mohawk Correctional Facility.

It appears that Plaintiff was paroled and released from New York State custody in July 2004, to the custody of United States Immigration and Customs Enforcement for deportation. Although Plaintiff resisted deportation, he was eventually deported to Jamaica, West Indies, on or about May 6, 2005.

On July 6, 2005, Defendants served Plaintiff with a Notice of Deposition for his deposition on August 23, 2005, at the Office of the New York State Attorney General in Albany, New York.  Plaintiff did not appear for that deposition.

On October 7, 2005, as a result of Plaintiff's failure to appear, Defendants filed a motion to dismiss for lack of prosecution and for failure to participate in discovery, for which they sought the sanction of dismissal under Rule 37(b) of the Federal Rules of Civil Procedure and attorney's fees under Rule 37(d) of the Federal Rules of Civil Procedure.

On August 10, 2006, Magistrate Judge Homer issued a Report-Recommendation and Order in which he recommended that the Court deny Defendants' request for sanctions and attorney's fees.  Both Plaintiff and Defendants timely filed objections to these recommendations.


## II. DISCUSSION

### A.  Standard of review

The district court reviews *de novo* those portions of the magistrate judge's report-recommendation and order to which a party objects, *see Singleton v. Caron*, No. 9:03-CV-00455, 2006 WL 2023000, *1 (N.D.N.Y. July 18, 2006) (citations omitted), and for clear error those portions to which a party does not object, *see Stokes v. Artus*, No. 05 Civ. 1975, 2006 WL 1676437, *2 (S.D.N.Y. June 14, 2006) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  The

district court reviewing a magistrate judge's report-recommendation and order "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Everson v. New York City Transit Auth.*, No. 1:02-cv-1121, 2007 WL 539159, *3 (E.D.N.Y. Feb. 16, 2007) (citing 28 U.S.C. § 636(b)(1)).

**B.       Sanctions under Rule 37(b) of the Federal Rules of Civil Procedure**

Rule 37(b) of the Federal Rules of Civil Procedure provides a non-exclusive list of sanctions that a court may impose if a party fails to obey an order or to allow discovery. *See* Fed. R. Civ. P. 37(b)(2). The most severe sanction available under Rule 37(b) is dismissal against the non-compliant party. *See Brown v. Lee*, No. 9:04-CV-1075, 2007 WL 700950, *3 (N.D.N.Y. Mar. 1, 2007) (citing Fed. R. Civ. P. 37(b)(2)(C)). Dismissal under Rule 37 is a harsh sanction reserved for extreme situations, *see Simmons II v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995) (citing *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)), and a court should only impose this sanction upon a finding of "willfulness, bad faith, or fault" on the part of the disobeying party, *see id.* (citation omitted). Thus, generally, a single pretrial violation will not result in dismissal. *See United States Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 954 (2d Cir. 1983) (citation omitted). Finally, a court must give notice, especially to a *pro se* litigant, that violating the court's order will result in a dismissal. *See Simmons II*, 49 F.3d at 88 (citation omitted).

Applying these standards to the present case, Magistrate Judge Homer concluded that Plaintiff's failure to appear for his deposition was not due to willfulness or bad faith but, rather, was the result of Plaintiff's deportation and the inadequate postal system in the West Indies. *See*

Report-Recommendation and Order at 3-4.  Therefore, he recommended that the Court deny Defendants' motion to dismiss this action.  *See id.* at 4.

Defendants object to Magistrate Judge Homer's recommendation, arguing that, under Rule 37(d) of the Federal Rules of Civil Procedure, a court has the power to impose the sanction of dismissal as long as that result is "just."  *See* Defendants' Objections at 2 (citation omitted).

Defendants do not argue that Plaintiff's failure to appear for his deposition was willful or in bad faith, nor do they claim that they gave Plaintiff notice that, if he did not appear, he would face the dismissal of his complaint.  Moreover, it appears from the record that Plaintiff tried to respond to the Notice of Deposition by mail but that his response was delayed, through no fault of his own, as a result of the inadequate postal system in the West Indies.

Given the latitude that courts afford *pro se* plaintiffs, *see Jemzura v. Public Serv. Comm'n*, 961 F. Supp. 406, 415 (N.D.N.Y. 1997) (citing *McDonald v. Doe*, 650 F. Supp. 858, 861 (S.D.N.Y. 1986)), in addition to the absence of willfulness or bad faith on Plaintiff's part, coupled with Plaintiff's lack of notice of the consequences of his failure to appear for his deposition, the Court adopts Magistrate Judge Homer's recommendation and denies Defendants' motion to dismiss pursuant to Rule 37 of the Federal Rules of Civil Procedure.[1]

---

[1] In the alternative, Defendants argue that the Court should dismiss Plaintiff's claims under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute because Plaintiff cannot pursue this matter since he was deported and is unable to return to the United States.  *See* Defendants' Objections at 3 (citations omitted).  The Court refers this issue, as well as Plaintiff's request that the Court craft an alternative to the taking of his deposition given his deportation status, to Magistrate Judge Homer.

**C.     Defendants' request for attorney's fees under Rule 37(d) of the Federal Rules of Civil Procedure**

Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part, that

> [i]f a party . . . fails . . . to appear before the officer who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, . . . . In lieu of any order or in addition thereto, the court shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d).

Several courts have concluded that it is unjust to award attorney's fees against a plaintiff proceeding *pro se in forma pauperis* where the plaintiff's misconduct resulted from circumstances beyond his control.  *See, e.g., Williams v. Platt*, No. CIV-03-281-C, 2005 WL 1950267, *2 (W.D. Okla. July 29, 2005) (holding that awarding attorney's fees for the plaintiff's failure to appear for his deposition would be unjust because such an award would place a heavy burden on the plaintiff, who was proceeding *in forma pauperis*); *Odom v. Sielaff*, No. 90 Civ. 7659, 1992 WL 2533, *2 (S.D.N.Y. Jan. 2, 1992) (holding that awarding attorney's fees was unjust when the *pro se in forma pauperis* plaintiff's failure to respond was due solely to his lack of legal understanding).

Magistrate Judge Homer concluded that it would be unjust to award attorney's fees and costs to Defendants given Plaintiff's *pro se in forma pauperis* status.  *See* Report-Recommendation and Order at 4.  Defendants object, arguing that, under Rule 37(b), a party who fails to attend his own deposition is liable for the costs that the opposing party incurs as a result

of that failure and that Rule 37(b)'s use of the word "shall" makes this sanction mandatory. *See* Defendants' Objections at 4 (citations omitted). Moreover, Defendants contend that an exception to an award of costs under Rule 37 is not available to Plaintiff because he did not provide any advance notice that he would be unable to attend his deposition and he did not raise any objections to the deposition. Therefore, Defendants contend that his failure to appear was not "substantially justified." *See id.* at 5 n.1.

Although both paragraph (b) and paragraph (d) of Rule 37 use the word "shall," both of these paragraphs also provide for an exception in situations in which the court finds that the failure was "substantially justified" or an award of expenses would be unjust. *See* Fed. R. Civ. P. 37(b), (d). In the present case, Plaintiff had a justifiable reason for not appearing at his deposition – he had been deported and was forbidden from returning to the United States. Moreover, in light of Plaintiff's *pro se in forma pauperis* status, the Court finds that such an award would be unjust. Accordingly, the Court adopts Magistrate Judge Homer's recommendation and denies Defendants' motion for attorney's fees.

### III. CONCLUSION

After carefully reviewing Magistrate Judge Homer's Report-Recommendation and Order, the parties' objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Homer's August 10, 2006 Report-Recommendation and Order is **ADOPTED IN ITS ENTIRETY**; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's complaint, pursuant to Rule 37

of the Federal Rules of Civil Procedure, is **DENIED**; and the Court further

**ORDERS** that Defendants' motion for an award of attorney's fees, pursuant to Rule 37 of the Federal Rules of Civil Procedure, is **DENIED**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Homer for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: April 27, 2007
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

-7-