**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TREVOR BROWN, also known as Dalton Brown,
      Plaintiff,
 v.

DR. LESTER WRIGHT; DR. FREDERICK GRABO; and JOAN ROSADO, Deputy Superintendent of Health Care at Mohawk Correctional Facility,
      Defendants.

No. 05-CV-82
(FJS/DRH)

---

**APPEARANCES:**

TREVOR BROWN
Plaintiff Pro Se
3 Beaconfield Avenue
Patrick Garden, Kingston 20
Jamaica, West Indies

HON. ELIOT SPITZER
New York State Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**OF COUNSEL:**

ROGER W. KINSEY, ESQ.
Assistant Attorney General

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

Plaintiff pro se Trevor Brown ("Brown"), formerly an inmate in the custody of the New York State Department of Correctional Services (DOCS), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, three DOCS employees, violated his constitutional rights under the Eighth Amendment. Am. Compl. (Docket No. 5). Presently pending is

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

defendants' second motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Docket No. 31.  Brown opposes the motion.  Docket No. 34.  For the following reasons, it is recommended that defendants' motion be denied without prejudice.

## I.  Background

Brown commenced this action while he was incarcerated by the United States Immigration and Customs Enforcement ("ICE").  Am. Compl. at ¶ 2.  Brown claims that while in DOCS custody, his constitutional rights were violated.  Id. at ¶ 44.  Brown alleges generally that defendants were deliberately indifferent to his medical needs arising from a bullet and fragments remaining in his spine from an incident predating his DOCS incarceration.  Id. at PP 12-46.

Upon completion of his DOCS incarceration, Brown was transferred to the custody of ICE where he remained for approximately ten months.  He was then deported to Jamaica on May 6, 2005.  Defs. Mem. of Law (Docket No. 23) at 1.  Brown was served in Jamaica with a Notice of Deposition on July 6, 2005 for a deposition on August 23, 2005 at the offices of the New York State Attorney General in Albany, New York.  Id.  On August 23, Brown failed to appear for the deposition.  Id.  On October 31, 2005, defendants filed a motion for sanctions, including dismissal, pursuant to Fed. R. Civ. P. 37.  Docket No. 21.  In a report filed August 10, 2006, the undersigned recommended that the motion be denied. Docket No. 24.  Defendants objected.  Docket No. 25.  In an order filed April 27, 2007, the district court adopted the August 10 recommendation in its entirety.  Docket No. 30.[2]

---

[2]In that order, the district court stated:

2

On August 10, 2006, defendants re-noticed Brown for deposition on January 5, 2007. Kinsey Aff. (Docket No. 31, attachment 3) at ¶ 18, Docket No. 31, attachment 4; Docket No. 31, attachment 5. "In both the cover letter and the Notice of Deposition, [d]efendants included the following [notice] "**THAT FAILURE TO APPEAR FOR DEPOSITION MAY RESULT IN DISMISSAL OF THE ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**." Kinsey Aff. at ¶ 19; see also Docket No. 31, attachment 4; Docket No. 31, attachment 5 (emphasis in the original). The notice was sent to Brown in Jamaica. Kinsey Aff., attachment 5 at 2. On August 21, 2006, Brown sent a letter to defendants' counsel advising that the deposition date was inconvenient because "he was removed from the United States under a removal order . . . , documentation to secure a visa may be fruitless . . . .," and his presence at the deposition impossible. Docket No. 31, attachment 6; Docket No. 34 at 2.

Defendants then filed the present motion. Docket No. 31. Brown did not initially respond to the motion and on June 28, 2007, the Court sua sponte granted Brown until July 31, 2007 to respond to defendants' motion, advising that his "failure . . . may result in the termination of the case in favor of the defendants . . . ." Docket No. 33. Brown then responded to the present motion. Docket No. 34. All communications to and from Brown

---

In the alternative, Defendants argue that the Court should dismiss Plaintiff's claims under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute because Plaintiff cannot pursue this matter since he was deported and is unable to return to the United States. See Defendants' Objections at 3 (citations omitted). The Court refers this issue, as well as Plaintiff's request that the Court craft an alternative to the taking of his deposition given his deportation status, to Magistrate Judge Homer.

Docket No. 30 at 4 n.1.

3

concerning his deposition and defendants' motions to dismiss have occurred with Brown in Jamaica.

## II.  Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss an action based upon the failure of a plaintiff to prosecute, comply with an order of the court, or notify the court of a change of address. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y. 1998); see also N.D.N.Y.L.R. 41.2 (b).

Since a Rule 41(b) dismissal is a "harsh remedy," it is "appropriate only in extreme circumstances." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies. . . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477(2006). To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

> 1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of lesser sanctions.

See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y.1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y.1995).

When the deportation of a party provides the basis for an adversary's Rule 41(b) motion, these same five factors should be considered. Kele v. Pelkey, No. 03-CV-170 (LEK/GHL), 2006 WL 581144, at *2-3 (N.D.N.Y. Mar. 8, 2006). In this case, although the

correspondence may not be as timely as desired, Brown has not failed to communicate with the Court or opposing counsel despite his deportation.  Brown complied with his obligation to maintain a current address to permit the orderly progression of the case.  Docket No. 19; see also Fenza v. Conklin, 177 F.E.D. 126, 127 (N.D.N.Y. 1998) (Pooler, J.).  Brown has also filed a timely response to the present motion.  Thus, the present case is unlike others dismissed for failure to advise of a new address following deportation.  See Roach v. Sobal, No. 92-CV-7355 (TPG), 1999 WL 108612, at *1 (S.D.N.Y. Mar. 2, 1999) (dismissing § 1983 litigation because "plaintiff [was] deported from the United States and could not . . . legally return . . ., and because plaintiff has further failed to respond to the instant motion or pursue the action or contact the Court or defendants in any respect for a period of more than six months . . . ."); Anozie v. United States, No. 93-CV-5180 (JRB), 1995 WL 362467, at *1 (E.D.N.Y. June 6, 1995) (conditionally dismissing the case unless plaintiff responded within a specified time because he failed to communicate with the Court and did not leave a forwarding address upon his deportation).  Thus, Brown's failures to appear for a deposition resulted from his immigration status and not from a conscious choice not to appear.

   Additionally, defendants argue that the notification they provided to Brown in combination with the prejudice they suffer by not being able to depose him should result in dismissal.  It is true that in the most recent Notice of Deposition, defendants provided Brown with adequate notification that his failure to appear may result in dismissal.  However, although Brown was unable to attend the deposition in person, he apprised defendants of this situation and suggested that he be deposed by teleconference.  Docket No. 34 at 2; see also Fed. R. Civ. .P. 30(b)97) (authoring a court to order that a deposition be taken by telephone).  Thus, Brown did not evidence an intent to abandon this action but

5

sought to comply with his obligations by an alternative but authorized means.

Lastly, the need to eliminate court calendar congestion and the availability of lesser sanctions both militate in favor of dismissal.  In short, in light of Brown's apparent inability to return lawfully to the United States to participate in person in the discovery and trial of this case means that the case will remain pending without the possibility of resolution due solely to Brown's absence from the country.  This creates the circumstance where the case cannot be removed from the court docket absent dismissal and there is an absence of sanctions other than dismissal adequate to address Brown's failure to appear.

Weighing these factors in the context of the immediate issue presented by Brown's failure to appear for the oral deposition, the weight tips in favor of denial of defendants' motion, principally because that deposition may be conducted by telephone.  While a telephone deposition is less desirable and less useful than one in-person, it will suffice in the circumstances presented here to allow defendants to obtain necessary information from Brown.

Defendants further contend, however, that Brown will not be permitted to return to the United States to participate in person in any subsequent stage of litigation.  This contention raises the core issue presented by Brown's immigration status.  On the one hand, Brown has clearly evinced a desire to pursue his claims here and has done what was within his present power to comply with his obligations as a litigant.  On the other hand, defendants are frustrated by their inability to take Brown's deposition in person, an important stage of discovery both to obtain information and to judge credibility.  Moreover, while the question of defendants' deposition of Brown may be resolvable by ordering a telephone deposition, no such ready answer appears to resolve the issue of Brown's attendance at any trial.

It appears beyond question that dismissal must occur upon Brown's nonappearance at trial even if that nonappearance results from his deportation.  Brown, proceeding pro se, must, of course, appear in person at trial both to present his claims and to testify concerning them.  In his absence, the trial cannot proceed. In these circumstances, it is unreasonable and unfair to both defendants and the Court to refrain from dismissal if there exists no reasonable possibility that Brown will appear in person for trial.

The threshold issue presented, therefore, is whether there is any reasonable likelihood that Brown will be able to appear in person for the trial of this action.  An alien, such as Brown, who is deported or removed from the United States and who thereafter re-enters without the prior express written permission of the United States Attorney General is guilty of a felony offense under United States law.  See 8 U.S.C. § 1326(a).  Re-entry of a previously deported alien is permitted, however, if "the Attorney General has expressly consented to such alien's reapplying for admission . . . ."  Id. at § 1326(a)(2); see also 8 U.S.C. pt. III ("Issuance of Entry Documents").  Thus, a procedure exists for a deported alien such as Brown to be lawfully readmitted to the United States.  The discretion to grant such re-entry is committed to the Executive, not the Judicial Branch of the federal government.

Because the law appears to afford Brown a means of obtaining lawful re-entry into the United States to appear in person for a trial of this case, it cannot be determined with reasonable certainty that Brown will not appear for his trial.  Dismissal on this ground would require a judicial prediction as to whether the Attorney General will grant or deny consent for Brown to reapply for admission.  Before the harsh remedy of dismissal is imposed based on Brown's failure to appear in person for a trial, Brown should be afforded an opportunity

to obtain lawful re-admission to the United States. Accordingly, Brown is directed to file with the Court a copy of the written consent of the United States Attorney General, or his designee, for Brown to reapply for admission into the United States. If a copy of such written consent has not been filed on or before, **July 1, 2008**, defendants are granted leave to file and serve a letter requesting that this action be dismissed for Brown's failure to prosecute or to comply with this order.[3]

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 31) be **DENIED** without prejudice; and

**IT IS ORDERED** that:

1. On or before **July 1, 2008**, Brown shall file with the Court a copy of the written consent of the United States Attorney General, or his designee, granting Brown permission to reapply for admission to the United States;

2. Defendants are granted leave to submit a letter requesting dismissal of this action after **July 1, 2008** if Brown fails to file a copy of the written consent of the United States Attorney General, or his designee, granting Brown permission to reapply for admission to the United States; and

3. Upon the filing of the district court's order on this report-recommendation, all further proceedings in this case are **STAYED** until **July 1, 2008** or until further order of

---

[3]After the district court renders its decision on this report-recommendation, all further proceedings in this case are stayed until Brown files a copy of the written authorization or until July 1, 2008.

the Court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

Dated: January 9, 2008
       Albany, New York

David R. Homer
United States Magistrate Judge